## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GRANTHAM EDUCATION**                          **CIVIL ACTION**
**CORPORATION**
                                                **NO. 06-7828**
**VERSUS**
                                                **SECTION B(4)**
**THE HARTFORD FIRE INSURANCE**
**COMPANY, THE HARTFORD**
**INSURANCE GROUP OF HARTFORD,**
**CONNECTICUT, MARSH U.S.A., INC.**
**D/B/A MARSH USA RISK SERVICES,**
**AND GEORGE W. LANE, III.**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand.  (Rec. Doc. No. 9).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and the Motion for Attorneys Fees is **DENIED.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiff sustained significant damage to its offices and property located at 34641 Grantham College Road and 1000 Caruso Boulevard, Slidell, Louisiana as a result of Hurricane Katrina.  Plaintiff's relevant Hartford Fire Insurance Company and The Hartford Insurance Group of Hartford, Connecticut ("Hartford") Insurance Policy was effective on August 29, 2005.

On August 25, 2006 Plaintiff filed suit against Defendants Hartford, Marsh U.S.A., Inc. and George W. Lane, III ("Lane") in the 22nd Judicial Court for the Parish of St. Tammany.  Plaintiff asserted claims of breach of contract, negligence, breach of fiduciary duty and bad faith against

1

Defendants.  Defendants removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

Defendants contend diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  Defendants argue Lane was improperly joined.  Defendants further contend jurisdiction exists pursuant to 28 U.S.C. § 1369.

Plaintiff contends Lane was properly joined as a defendant, therefore, diversity of citizenship is destroyed.  Plaintiff further contends 28 U.S.C. § 1369 is inapplicable. Therefore, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

## *DISCUSSION*

### A.    Improper Joinder

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Id.*  at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id* at 573.  A court

may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendants argue Plaintiff failed to state a viable claim against Lane. "Pleadings are to be construed to do substantial justice." *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975) (citing La. Code Civ. Proc. art. 854).[1] A petition is only required to state material facts upon which a cause of action is based. *Id.* (citing La. Code Civ. Proc. art. 891). Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).* Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006) (quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)).

Plaintiff claims Lane failed to procure requested insurance and failed to render advice regarding coverage. Plaintiff alleges that Plaintiff requested coverage and discussed the scope of

---

[1] Plaintiff filed the Petition in state court. Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

3

coverage with Lane.[2]  Plaintiff further alleges that Plaintiff retained Lane to provide advice, and that Plaintiff relied upon Lane when he represented that Plaintiff's Louisiana-based interests were adequately insured.  In short, Plaintiff asserted claims recognized under Louisiana law.  As such, Plaintiff may  prove a set of facts in support of claims entitling it to relief.  Therefore, the Court finds that Plaintiff stated viable claims against Defendants.  Thus, Lane was not improperly joined.[3]

**B.      Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

Hartford contends that jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B) considering: (1) Plaintiff's claims arose from Hurricane Katrina and (2) Hartford was a defendant in multiple Katrina-related matters when the Notice of Removal was filed.  28 U.S.C. § 1369(a) provides that:

> [t]he district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1)  a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2)  any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3)  substantial parts of the accident took place in different States.

---

[2]Affidavit of John Ferris at ¶ 21.

[3]Defendants also argue that Lane was improperly joined because this Court lacks personal jurisdiction over him.  Because the Court, as reflected in this opinion, lacks even the necessary subject matter jurisdiction to entertain such a claim, it declines to address this issue.

28 U.S.C. § 1441 (e)(1)(B) provides that:

> a defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[4]  Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist.

## C.      Fraudulent Misjoinder

Hartford also claims that Lane was fraudulently misjoined because the claims against him are unrelated to the claims against Hartford.  In *Tapscott v. M.S. Dealer Services Corp.*, 77 F.3d 1353 (11th Cir. 1966), the court held that only "egregious" misjoinders allow a court to ignore the

---

[4] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).

citizenship of a non-diverse defendant.  However, joinder of claims against an insurer and an insurance agent are not uncommon and are allowed.  *See, e.g., Ferguson v. Security Life of Denver Ins. Co.*, 996 F. Supp. 597 (N.D. Tex. 1998).  In the present case, all of Plaintiff's claims against Defendants arise from the same transactions or series of transactions, namely, the procurement of the insurance policy at issue and all subsequent dealings with Lane relating to the extent of Plaintiff's coverage.  Hartford argues that Plaintiff's claims are wholly unrelated because its claims against Hartford are grounded in contract while its claims against Lane and Marsh are grounded in tort.  The Court finds this reasoning to be unpersuasive.   Therefore, Defendants were not fraudulently "misjoined."

### D.      Plaintiff is not entitled to attorneys fees and just costs

Plaintiff asserts that Defendants' removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs.  28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees.  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 711.  Defendants' arguments appear objectively reasonable.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED** and the Motion for Attorneys Fees is **DENIED**.

New Orleans, Louisiana this 16th day of March, 2007.

_____

UNITED STATES DISTRICT JUDGE